IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL ALFORD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4546-L** |
| | § | |
| **STATE PARKING SERVICES, INC.,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant State Parking Services, Inc.'s ("Defendant") Motion to Dismiss ("Motion"), filed August 26, 2014. After careful consideration of the motion, pleadings, record, and applicable law, the court **denies** Defendant's Motion to Dismiss.

## I.     Factual and Procedural Background

### A.     Procedural Background

On August 12, 2014, Plaintiff Michael Alford ("Plaintiff") filed his First Amended Complaint, alleging that Defendant failed to pay him overtime in violation of the Fair Labor Standards Act ("FLSA").  On March 4, 2014, Defendant filed its Amended Counterclaim and Request for Injunctive Relief.  On March 11, 2014, Plaintiff filed a Motion to Dismiss Defendant's Counterclaims, which the court addresses in a separate order.  On August 26, 2014, Defendant filed its Motion to Dismiss.

### B.     Factual Background

Plaintiff alleges that he worked as a supervisor and parked cars for Defendant's valet service at the Magnolia Hotel in Dallas, Texas, from January 2013 through July 31, 2013.  He asserts that

he worked over forty hours a week and never received overtime compensation.  Instead, Defendant compensated him "at straight time for all hours worked," and he also received tips.  Pl.'s Am. Compl. ¶ 8.  From January 2013 to February 2013, Plaintiff alleges that he worked Monday through Friday from 7:00 a.m. to 3:00 p.m.  He maintains that he regularly worked past the end of his shift, because the afternoon supervisor was often late.  From February 2013 to July 31, 2013, Defendant increased Plaintiff's hours, resulting in him working from 6:30 a.m. to 3:00 p.m. while still continuing to work past the end of his shift.  He additionally attended a one-hour staff meeting once a month.  According to Plaintiff, he "punched in and out on a time clock for all hours worked . . . ."  *Id.*  The crux of Plaintiff's claim is that "Defendant failed to pay [him] one and one-half times his regular rate of pay for each overtime hour worked."  *Id.*

## II.    Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a

complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks,

citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled

to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the

complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm*

*Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area*

*Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197

F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to

it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise,

"'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings

if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.*

(quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).  In

this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not

attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.

*Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim

when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan*

*Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint

are to be accepted as true, legal conclusions are not "entitled to the assumption of truth."  *Iqbal*, 556

U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

## III.    Analysis

### A. Matters that the Court will Consider

Before addressing the substantive arguments raised in Defendant's Motion, the court must first determine whether it can properly consider the declaration of Demba Camara, attached to Defendant's Motion, and the time sheets, attached to Defendant's reply. Here, the declaration of Demba Camara, the afternoon supervisor, is not part of Plaintiff's pleadings, is not referred to in his pleadings, and is not central to his claims.  *See  Gines*, 699 F.3d at 820 & n.9 (citation omitted). Accordingly, the court will not consider the declaration.

The court also will not consider the time sheets attached to Defendant's reply.  Defendant attached the time sheets to its reply only after the magistrate judge granted Plaintiff's Motion to

Compel their production. *See* Order (Doc. 47), filed September 5, 2014 (requiring Defendant to produce "all documents reflecting hours worked by the Plaintiff . . . .") (citation omitted). Defendant should have produced the time sheets with its Motion if it wanted the court to consider them.  By waiting and attaching the time sheets to its reply, Defendant did not provide Plaintiff with a fair opportunity to respond.  Plaintiff has filed a Motion for Leave to file a Surreply (Doc. 53), filed September 19, 2014, urging the court to permit him to file a surreply to address what he deems are Defendant's "misrepresentations concerning Plaintiff's time cards and pay records . . . ." Pl.'s Mot. for Leave 1.   A court may not consider matters outside the pleadings, unless it converts the motion to one for summary judgment under Federal Rule of Civil Procedure 56, which it declines to do. Fed. R. Civ. P. 12(d).  As the court will not consider the time sheets, the motion to file a surreply is moot.

### B. Defendant's Motion to Dismiss

Defendant argues that the Plaintiff fails to state a claim upon which relief can be granted. Plaintiff seeks overtime compensation for Defendant's violation of the following provision of the FLSA :

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207.  "An employee bringing an FLSA action for unpaid overtime compensation 'must first demonstrate that []he has performed work for which []he alleges []he was not compensated.'" *Chambers v. Sears Roebuck and Co.*, 428 F. App'x 400, 408 (5th Cir. 2011) (*citing Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir.2005)).

Accepting the well-pleaded facts as true, Plaintiff's Amended Complaint states a claim upon which relief can be granted. Plaintiff asserts that he worked in excess of forty hours, as the afternoon supervisor was frequently late. From January 2013 to February 2013, Plaintiff worked Monday through Friday from 7:00 a.m. to 3:00 p.m., and from February 2013 to July 31, 2013, Plaintiff worked Monday through Friday from 6:30 a.m. to 3:00 p.m. While working both of these shifts, Plaintiff maintains that he regularly worked past 3:00 p.m. Additionally, Plaintiff alleges he attended hour-long staff meetings once per month. Thus, Plaintiff has pled sufficient facts for the court to conclude or reasonably infer that he worked in excess of forty-hours per week. Plaintiff asserts that Defendant only compensated him for straight time and did not pay any overtime compensation. These facts adequately allege a violation of the FLSA, as the FLSA requires employers to pay employees not less than one and one-half times the regular pay for a "workweek longer than forty hours." 29 U.S.C. § 207.

Defendant argues that Plaintiff's Amended Complaint does not provide it with adequate notice, contending that Plaintiff failed to consider his thirty-minute lunch break and that he only stayed a few minutes after his shifts. Defendant also contends that it has a policy that caps employees' hours at forty hours per week. This does not establish that the Plaintiff provided inadequate notice in his Amended Complaint; instead, it establishes that Defendant disagrees with the allegations therein stated.[1] Although Defendant raises various arguments in an effort to refute Plaintiff's claim, the proper consideration at this stage is whether "the plaintiff [pled] factual content

---

[1] Defendant cites a Second Circuit case, requiring "a plaintiff [to] sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours" to survive a motion to dismiss. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (upholding dismissal of workers' claims because they did not allege that they worked 40 hours a week). Plaintiff, however, satisfies the standard. He alleges the specific hours that he worked and that he worked past the end of his shift because the afternoon supervisor was regularly late.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.   Considering the facts alleged by Plaintiff, the court determines that he has pled a claim upon which relief may be granted and provided Defendant sufficient notice.

Defendant additionally argues that Plaintiff worked past his shift for only a *de minimis* amount of time and is not entitled to compensation for such time.   It cites a provision of the Portal-to-Portal Act, stating "activities which are preliminary to or postliminary to said principal activity or activities" are not compensable activities for overtime purposes.  29 U.S.C. § 254; *but see Chambers*, 428 F. App'x at 409 ("The Supreme Court has held that any activity that is 'integral and indispensable' to a compensable 'principal activity' is itself a compensable 'principal activity' for purposes of the Portal  to  Portal Act.") (citing *IBP Inc. v. Alvarez*, 546 U.S. 21, 37 (2005)).   "The Portal  to  Portal Act does not remove activities which are 'integral and indispensable' to 'principal activities' from FLSA coverage precisely because such activities are themselves 'principal activities.'" *Alvarez*, 546 U.S. at 33.

Whether Plaintiff's overtime work actually constitutes a postliminary activity or whether he worked a *de minimis* amount of overtime does not answer the question of whether he adequately alleged an overtime violation.   Plaintiff does not allege that he stayed to complete postliminary activities but instead maintains that he "would stay after the end of his shift if the afternoon supervisor had not yet arrived."  Pl.'s Am. Compl. ¶ 8.  Plaintiff, therefore, adequately alleges that he continued to work in his supervisory position until the afternoon supervisor arrived.   At this stage and under the facts alleged by Plaintiff, Defendant's arguments under the Portal-to-Portal act are unavailing.

Plaintiff asserts that he worked in excess of 40 hours and provides the time frame and circumstances under which his overtime arose.   Defendant clearly disagrees with Plaintiff's allegations; however, it attacks the substance of Plaintiff's claims and not the adequacy of his pleadings.   Accordingly, the court **denies** Defendant's Motion to Dismiss.   In light of its ruling, the court also **denies as moot** Plaintiff's Motion for Leave to file a Surreply.

**It is so ordered** this 10th day of December, 2014.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 8**