IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICHAEL ALFORD,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:13-CV-4546-L** |
| § | |
| **STATE PARKING SERVICES, INC.,** § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Michael Alford's ("Plaintiff") Motion to Dismiss Defendant's Counterclaims (Doc. 9), filed December 16, 2013; and his Motion to Dismiss Defendant's Counterclaim of Breach of Contract (Doc. 23), filed March 11, 2014. After careful consideration of the motions, pleadings, record, and applicable law, the court **grants** Plaintiff's Motion to Dismiss Defendant's Counterclaims; and **grants** Plaintiff's Motion to Dismiss Defendant's Counterclaim of Breach of Contract.

**I.     Factual and Procedural Background**

**A.     Procedural Background**

On November 13, 2013, Plaintiff Michael Alford ("Plaintiff") filed his First Amended Complaint, alleging violations of the Fair Labor Standards Act ("FLSA"). On December 16, 2013, Defendant filed his Answer and First Counterclaim (Doc. 5), asserting claims of defamation; business disparagement; breach of fiduciary duty; tortious interferences with existing contract; and tortious interferences with prospective relations. On December 16, 2013, Plaintiff filed a Motion to Dismiss Defendant's Counterclaims, urging the court to dismiss Defendant's counterclaims under

**Memorandum Opinion and Order - Page 1**

Federal Rule of Civil Procedure 12(b)(1), to which Defendant responded on January 10, 2014. On March 4, 2014, Defendant filed its Amended Counterclaim and Request for Injunctive Relief, asserting the same claims in its First Counterclaim and adding a claim for breach of contract. Defendant additionally requests a preliminary injunction and a permanent injunction. On March 11, 2014, Plaintiff filed his Motion to Dismiss Defendant's Counterclaim of Breach of Contract, urging dismissal of Defendant's breach of contract claim under Rule 12(b)(1). Defendant did not file a response as to this motion. On August 8, 2014, the court denied as moot Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. 9).

The court denied as moot Plaintiff's Motion to Dismiss Defendant's Counterclaims in light of Defendant's Amended Counterclaim and Plaintiff's second motion to dismiss. Plaintiff's most recent motion to dismiss, however, does not address those claims in the earlier filed motion. Instead, his second motion to dismiss only addresses the breach of contract claim and request for injunctive relief. To unravel the procedural quagmire, the court will vacate that portion of its Order (Doc. 39), filed August 8, 2014, denying as moot Plaintiff's Motion to Dismiss Defendant's Counterclaims and will consider both motions to dismiss to the extent they are relevant to Defendant's Amended Counterclaim. That is, by considering both of Plaintiff's motions to dismiss, the court will consider whether to dismiss all of Defendant's counterclaims under Rule 12(b)(1). The rest of the order will remain in effect.

### B. Factual Background

Defendant alleges that Plaintiff made "several false statements about State Parking," which included the statement that it is a "B.S. company and its managers are stupid." Def. Countercl. ¶ 8.

**Memorandum Opinion and Order - Page 2**

After firing Plaintiff for his remarks, Defendant alleges that Plaintiff attempted to steal its clients and even contacted the Magnolia Hotel to interfere with its business relations.

Defendant additionally maintains that Plaintiff is in violation of a non-compete agreement and attaches the agreement to its Amended Counterclaim. Specifically, it asserts that Plaintiff works at Elite Valet, one of its competitors, and thereby violates the non-compete agreement.

## II.     Rule 12(b)(1) - Subject Matter Jurisdiction Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### III. Analysis

#### A. Whether Defendant's Counterclaims are Permissive or Compulsory

Plaintiff urges the court to dismiss Defendant's counterclaims, contending its claims are permissive and lack an independent basis for jurisdiction in this court. Under Federal Rule of Civil Procedure 13, a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." For permissive counterclaims, a party is permitted to state "any claim that is not compulsory," but the rules do not require a party to do so. Fed. R. Civ. P. 13(b). In deciding whether a counterclaim is compulsory, a court must resolve each of the following:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

**Memorandum Opinion and Order - Page 4**

*Tank Insulation Int'l Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997) (citation omitted). Plaintiff argues that Defendant's claims for defamation; business disparagement; breach of the fiduciary duty; tortious interference with an existing contract; tortious interference with prospective relations; and breach of contract are permissive and not compulsory. The court now addresses the four-step inquiry.

As to the first inquiry, Defendant's counterclaims and Plaintiff's FLSA claim involve different issues of fact and law. Defendant argues that Plaintiff breached the non-compete agreement, made disparaging remarks about it, and interfered with its existing contracts and prospective business relations. Plaintiff, on the other hand, alleges that Defendant failed to pay overtime. Plaintiff's claim and Defendant's counterclaims do not share the same issues of fact or law. The facts to establish Plaintiff's FLSA claim are separate and distinct from those necessary to establish Defendant's counterclaims and have little, if any, overlap. Likewise, the issues of law are not "largely" the same. Accordingly, this factor does not support a finding that Defendant's counterclaims are compulsory.

The second inquiry similarly does not support a finding that Defendant's counterclaims are compulsory. Res judicata would not bar Defendant from later raising any of its counterclaims, as res judiciata only "bar[s] litigation of 'issues which were actually litigated and all issues which might have been raised in that earlier suit.'" *Tank*, 104 F.3d at 87. The parties will not litigate issues regarding the non-compete agreement, disparaging remarks made by Plaintiff, and any interference with Defendant's business in resolving the issue of overtime compensation owed to Plaintiff.

With respect to the third inquiry, it is clear that different evidence will be necessary to support or refute Plaintiff's claims and Defendant's counterclaims. Accordingly, this factor does not support a finding that Defendant's counterclaims are compulsory.

As to the last inquiry, there is no logical relationship between the claim and counterclaim. The Fifth Circuit favors the logical inquiry test. *See Nat'l Liability & Fire Ins. Co. v. R&R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir. 2014) (applying only the logical relation inquiry and stating "[w]e also employ the logical relation test to 'further define when a claim and counterclaim arise from the same transaction.'"); *Ormet Primary Aluminum Corp. v. Ballast Techs., Inc.*, 436 F. App'x 297, 299 (5th Cir. 2011) ("We apply the 'logical relation' test to determine whether a counterclaim was compulsory ."). A logical relationship exists where "the same operative facts serve[ ] as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Nat'l Liability*, 756 F.3d at 825 (citation omitted). The operative facts underlying Defendant's claims are different from the facts underlying Plaintiff's FLSA claim. Even a cursory review of Plaintiff's Amended Complaint and Defendant's Amended Counterclaim reveals that the parties' respective pleadings refer to completely different factual circumstances. Defendant's counterclaims also do not activate additional rights in defending against Plaintiff's request for overtime payment.[1] Thus, there is no logical relationship between the claim and the counterclaims, and this factor does not support a fidning that Defendant's counterclaims are compulsory.

---

[1] In Defendant's Response to Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. 15), filed January 10, 2014, it argues that its counterclaims and Plaintiff's retaliation claim under the FLSA arise from the same facts. Plaintiff, however, in his First Amended Complaint, filed August 12, 2014, does not allege a retaliation claim under the FLSA and only alleges overtime violations. Thus, this argument has no validity.

**Memorandum Opinion and Order - Page 6**

None of the four factors that a court must consider supports a finding that Defendant's counterclaims are compulsory. The only logical conclusion that the court can reach is that Defendant's counterclaims are permissive.

### B. Whether the Court has Jurisdiction over Defendant's Counterclaims

Defendant's permissive counterclaims do not have an independent basis for jurisdiction. There is no federal question jurisdiction, as Defendant's breach of contract claim does not arise under federal law. Further, there is no diversity jurisdiction, as Defendant is a corporation "formed and existing under the laws of Texas," and Plaintiff is a citizen of Texas.[2] Def.'s Am. Countercl. ¶ 1-2.

Defendant does not necessarily dispute that its claims are permissive or that they lack an independent basis for jurisdiction; however, it argues that the court should also consider whether it has supplemental jurisdiction to hear its counterclaims. Defendant cites cases from the Second and Seventh Circuit, which hold that an independent basis for jurisdiction is not necessary for permissive counterclaims to remain in federal court. *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212 (2d Cir. 2004) ("We share the view that section 1367 has displaced, rather than codified, whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction (in the sense of federal question or diversity jurisdiction)."); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996) ("[W]e concluded that § 1367 has extended the scope of supplemental jurisdiction, as the statute's language says, to the limits of Article III  which means

---

[2] Before Congress passed § 1367 in 1990, courts required permissive counterclaims to have "an independent jurisdictional basis" to remain in federal court. *Plant v. Blazer Fin. Servs. of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979). As discussed in the paragraphs that follow, some circuits reject the continued vitality of this principle. Notwithstanding these circuits' rejection of the independent basis requirement, as the court has not found and the Defendant has not identified a Fifth Circuit case entirely discarding the independent basis requirement, the court, as a starting point, evaluates whether an independent basis exists.

**Memorandum Opinion and Order - Page 7**

that '[a] loose factual connection between the claims' can be enough."). Both cases held that even though there was no federal question or diversity jurisdiction over the defendants' counterclaims, there still may have been supplemental jurisdiction over them. *See Jones*, 358 F.3d at 215 (remanding and ordering the district court to exercise its discretion under 1367(c)); *Channell*, 89 F.3d at 386 (remanding the case because the lower court wrongly held that there was no supplemental jurisdiction); *see also Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir.2010) (joining the other two circuits and holding that "§ 1367 supersedes case law on supplemental jurisdiction that had distinguished between compulsory and permissive counterclaims"). Thus, these circuits held that "§1367 abolishes the conceptual framework underpinning the old compulsory-permissive counterclaim distinction." *Global NAPs*, 603 F.3d at 87.

The Fifth Circuit has not directly addressed how §1367 impacts the traditional rule requiring an independent grant of jurisdiction for permissive counterclaims to remain in federal court. *See NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, 12-1424, 2013 WL 460068, at *4, n.4 (N.D. Tex. 2013) ("There does not appear to be universal agreement about the effect of the 'supplemental jurisdiction' statute on this old regime, and the Fifth Circuit has not ruled on this question."); *Cordero v. Voltaire, LLC*, at *3(W.D. Tex. December 6, 2013) ("Although the Fifth Circuit has not addressed the issue, the consensus among the courts of appeals and the numerous district courts . . . is that § 1367 supersedes case law on supplemental jurisdiction, and it is no longer the case that permissive counterclaims must be supported by an independent basis for jurisdiction . . . ."); *see also Coronado v. D. N.W. Houston*, 13-2179, 2014 WL 2779548, at *3 (S.D. Tex. June 19, 2014) (acknowledging that "[c]ourts have held that under § 1367, even though permissive counterclaims

do not arise out of the same transaction and occurrence, they may still form part of the same Article III case or controversy . . . .").

Although the Fifth Circuit has not explicitly stated whether § 1367 completely displaces the independent basis requirement, it does require courts, after determining there is no independent basis for jurisdiction, to continue their analysis and determine whether supplemental jurisdiction exists. *See Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) ("[Section 1367] grants supplemental jurisdiction over other claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy.'"). The court will proceed with its analysis accordingly.

Supplemental jurisdiction arises when the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). More specifically, a court has supplemental jurisdiction over state claims "when the state and federal claims 'derive from a common nucleus of operative fact' and are so linked that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 580 (2005) (citation omitted); *see also Saenz v. Austin Roofer's Supply, LLC*, 664 F. Supp. 2d 704, 707 (W.D. Tex. 2009) (For federal courts "to decide state claims that lack an independent basis of jurisdiction, [they] must find that the state and federal claims 'derive from a common nucleus of operative facts . . . .'") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Here, supplemental jurisdiction is lacking, as Plaintiff's FLSA claim and Defendant's counterclaims do not derive from a common nucleus of operative facts and are not so linked that they would be expected to be tried in one proceeding. Plaintiff's claim and Defendant's counterclaims

involve different areas of law, separate factual allegations, and distinct points of time. Plaintiff's claims pertain solely to Defendant's failure to pay him while he was employed, while Defendant's claims pertain primarily to Plaintiff's alleged actions *after* he was fired.

The court finds the analysis in *Coronado* persuasive. In *Coronado*, plaintiffs sued under the FLSA and argued that their employer wrongly classified them as independent contractors exempt from the FLSA. 2014 WL 2779548, at *2. Defendant counterclaimed for breach of contract, promissory estoppel, unjust enrichment, money had and received, and declaratory relief. *Id.* The court held that defendant's counterclaim were permissive and that they "[did] not form part of the same Article III case or controversy as the FLSA claims." *Id*. at *4. Moreover, the court determined that "[e]ven if there was supplemental jurisdiction over the counterclaims, this court would decline to exercise it," citing that it had discretion to "'decline to exercise supplemental jurisdiction' when 'there are other compelling reasons for declining jurisdiction.'" *Id.* (citing 28 U.S.C. § 1367(c)(4)). Here, Defendant's counterclaims "do not form part of the same case or controversy under Article III" as Plaintiff's FLSA claim for overtime. 28 U.S.C. § 1367(a).

Even assuming supplemental jurisdiction exists, the statute permits the court, in its discretion, to decline to exercise supplemental jurisdiction when:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Even if the court were to determine that it had supplemental jurisdiction, there are compelling reasons to decline to exercise it. Defendant's counterclaims arise solely under state

**Memorandum Opinion and Order - Page 10**

law and share little, if any, overlap with Plaintiff's FLSA claim. Moreover, the nature of Plaintiff's claim provides a basis for declining to exercise jurisdiction. As Plaintiff correctly argues, the Fifth Circuit disfavors counterclaims in FLSA cases. Pl.'s Mot. to Dismiss 3 (citing *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010)). In *Martin*, the plaintiff sued for unpaid overtime, and the defendant sued for breach of a severance agreement between the parties and sought set-off of damages. In holding that the district court erred in granting a set-off, the Fifth Circuit stated, "Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin*, 628 F.3d at 740 (footnote and citations omitted). Thus, even assuming supplemental jurisdiction exists, the facts and circumstances of this case provide "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

**IV.   Conclusion**

For the reasons stated herein, the court **vacates** its order (Doc. 39), filed August 8, 2014, as to Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. 9); **grants** Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. 9), filed December 16, 2013; and **grants** his Motion to Dismiss Defendant's Counterclaim of Breach of Contract (Doc. 23), filed March 11, 2014. Accordingly, the court **dismisses without prejudice** Defendant's counterclaims for defamation; business disparagement; breach of fiduciary duty; tortious interferences with existing contract; tortious interferences with prospective relations; and breach of contract for lack of jurisdiction. As Defendant's request for a temporary and permanent injunction, finds its origin in Defendant's state law counterclaims, the court has no jurisdiction to consider the requested injunctive relief.

**It is so ordered** this 10th day of December, 2014.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 12**