IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL ALFORD,                          §
                                         §
            Plaintiff,                   §
                                         §
v.                                       §        Civil Action No. **3:13-CV-4546-L**
                                         §
STATE PARKING SERVICES, INC.,            §
                                         §
            Defendant.                   §

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Withdraw or Amend Deemed Admissions (Doc. 65), filed December 3, 2014.  After careful consideration of the motion, pleadings, record, and applicable law, the court **denies** Defendant's Motion to Withdraw or Amend Deemed Admissions.

## I.    Procedural and Factual Background

On August 12, 2014, Plaintiff Michael Alford ("Plaintiff") filed his First Amended Complaint, alleging that Defendant State Parking Services, Inc. ("Defendant" or "State Parking") failed to pay him overtime in violation of the Fair Labor Standards Act ("FLSA").  On March 4, 2014, Defendant filed its Amended Counterclaim and Request for Injunctive Relief, and on December 10, 2014, the court dismissed Defendant's counterclaims and request for injunctive relief for lack of jurisdiction.

While these motions were pending, the parties exchanged discovery.  On September 5, 2014, United States Magistrate Judge Renee Harris Toliver ordered Defendant to produce certain time sheets relating to Plaintiff's requests for production.  *See* Order (Doc. 47), filed September 5, 2014. On September 12, 2014, Alford served Plaintiff's Second Requests for Production to State Parking

Services, Inc. and Plaintiff's Requests for Admission to State Parking Services, Inc.  *See* Pl.'s Resp. to Def.'s Mot. Withdraw or Amend Deemed Admissions, Ex. A.  Defendant subsequently filed Defendant's Motion to Stay Discovery Pending the Court's Ruling on Defendant's Motion to Dismiss (Doc. 54) ("Motion to Stay Discovery"), filed September 19, 2014, in which it requested that the court stay discovery until the court ruled on its pending motion to dismiss.

According to the Scheduling Order, the period for discovery closed on November 3, 2014, and the parties conferred by telephone in October to discuss discovery matters and the impending discovery deadline.  During the telephone call, Defendant asserts that its counsel verbally stated its objections to Plaintiff's discovery requests. At that time, the court had not yet ruled on Defendant's Motion to Stay Discovery.  Nevertheless,  Defendant sent Plaintiff an e-mail on October 29, 2014, in which its counsel stated, "I'll submit my client['']s  responses to your second set of discovery requests by Friday the 31st."  Pl.'s Resp. to Def.'s Mot. Withdraw or Amend Deemed Admissions, Ex. B.[1]  Defendant submitted no response.  Defendant  prepared formal responses on November 12, 2014, but "mistakenly failed to serve them on Plaintiff." Def.'s Mot. to Withdraw or Amend Deemed Admissions, Ex. C.

After the period for discovery closed and Defendant's agreed-upon date to respond to discovery had lapsed, Plaintiff filed his Motion for Partial Summary Judgment (Doc. 60), on November 17, 2014, relying in part on the deemed admissions.  Defendant, then, filed its Motion to Withdraw or Amend Deemed Admissions (Doc. 65), filed December 3, 2014.

---

[1] To the extent that Plaintiff may be inclined to argue that his response only referred to the second set of requests for production, that argument is foreclosed by his Motion to Stay Discovery in which he clearly requests that the court stay all discovery.  Def.'s Mot. to Stay Discovery 2 (stating that "[o]n September 12, 2014, Plaintiff also served Defendant with a Second Set of Interrogatories, Second Requests for Production, and Request for Admission.") (citation omitted).

Even after Plaintiff filed his Motion for Partial Summary Judgment, he provided Defendant with an opportunity to respond to his discovery requests.  In an effort to maintain the March trial setting, Plaintiff sent Defendant a letter, dated December 9, 2014, requesting that Defendant withdraw its Motion to Stay Discovery and respond to his discovery requests by December 16, 2014.  Pl.'s Resp. to Def.'s Mot. Withdraw or Amend Deemed Admissions, Ex. C.  According to Plaintiff, Defendant never responded.  *Id.* at 2.

## II.    Analysis

Defendant requests that the court allow it to withdraw the deemed admissions, as the admissions were the result of accident or mistake, and withdrawal would promote the merits of this action.  Plaintiff argues that Defendant has failed to respond to any of its requests, and now that the discovery period has closed, he would be prejudiced if Defendant's admissions were withdrawn.[2]

Defendant asserts that it objected to Plaintiff's requests for production and admissions in its Motion to Stay Discovery.   Specifically, Defendant's Motion to Stay Discovery states that, "Defendant objects to the aforementioned requests, in their entirety, because it has a pending Motion to Dismiss this action in its entirety and it has already produced substantial amounts of documents responsive to Plaintiff's requests for discovery."  Def.'s Mot. to Stay Discovery Pending the Court's Ruling on Defendant's Motion to Dismiss 2.  Defendant also asserts that it informed Plaintiff during a telephone conference that it objected to the discovery requests.

---

[2] Plaintiff's Response to Defendant's Motion Withdraw or Amend Deemed Admissions (Doc. 74), filed December 19, 2014, only makes mention of Defendant's deemed admissions regarding one element of his claim—enterprise coverage.  There are deemed admissions, however, relating to each of the elements of Plaintiff's FLSA claim and not just enterprise coverage.  Defendant argues that Plaintiff's failure to mention the other deemed admissions in his response means that the court should withdraw those unmentioned deemed admissions.  Def.'s Reply 3.  The court disagrees.  Plaintiff discussed the enterprise coverage as evidence that he would be prejudiced, as he has no other evidence to show enterprise coverage.  That Plaintiff only mentions some of the deemed admissions in his response does not require withdrawal of all of the admissions that he did not mention.

Memorandum Opinion and Order - Page 3

Defendant's objections do not constitute a denial under Federal Rule of Civil Procedure 36.

Under applicable law:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. Pro. 36(a)(4).

Defendant made a blanket objection to Plaintiff's "Second Set of Interrogatories, Second Requests for Production, and Request for Admission." Def.'s Mot. to Stay Discovery 2. In making its blanket objection, Defendant did not comply with Rule 36. Thus, it cannot be said that Defendant properly denied the requests for admissions.

The court, therefore, must determine whether to withdraw these deemed admissions. Under Federal Rule of Evidence 36(b), "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." This rule is permissive, and "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *In Re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citation omitted).

Admittedly, permitting withdrawal of Defendant's deemed admissions would promote the presentation of the merits of case, as the admissions constitute competent summary judgment evidence capable of satisfying each of the elements of Plaintiff's claim under the FLSA. Other

factors, however, weigh against withdrawing the deemed admissions. *See Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 20007 WL 715260, at *2 (5th Cir. March 6, 2007) ("Although we agree with plaintiffs that it is proper to consider whether denying withdrawal would have the practical effect of eliminating any presentation of the merits of the case in determining whether Rule 36(b)'s first requirement is met . . .this and other courts have not relied solely on this factor in determining whether to permit withdrawal."). The Fifth Circuit instructs, "[O]ther factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing 'the admission is contrary to the record of the case,' or that the admission 'is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission.'" *Id.* "This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal . . . or its diligence in seeking withdrawal." *Id.* (citation omitted).

Defendant has not shown that the admissions are contrary to the record or that circumstances relating to the deemed admissions have changed. More importantly, Defendant had multiple opportunities to submit its responses to Plaintiff's discovery requests and thereby correct any honest error it made. Defendant, however, never seized these opportunities.

The court further notes that if it allowed Defendant to withdraw its deemed admission, Plaintiff would be prejudiced. *See Finlay v. Wolpoff & Abramson*, 08-0786, 2009 WL 936882, at *2 (S.D. Tex. April 3, 2009) ("[I]n light of Defendant's lack of diligence and the expiration of scheduling deadlines, Plaintiff would be greatly prejudiced if the court allowed withdrawal of the admissions."). Although the necessity of a "party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice

**Memorandum Opinion and Order - Page 5**

contemplated by Rule 36(b)," Defendant's lack of diligence coupled with the lapse of discovery deadlines makes withdrawal of the deemed admission inappropriate under these circumstances. *S.E.C. v. AmeriFirst Funding, Inc.*, No. 07-1188, 2008 WL 2073498, at *2 (N.D. Tex. 2008). "Prejudice may occur where a party faces 'special difficulties . . . caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Thanedar v. Time Warner*, 352 F. App'x 891, 896 (5th Cir. 2009).

Plaintiff argues that the time for filing a motion to compel discovery has lapsed and that, aside from the deemed admissions, he has no other competent evidence regarding enterprise coverage. Although this alone is not sufficient for a finding of prejudice, trial in this action is set for March, and "[c]ausing urgency in Plaintiff's preparation for trial, through no fault of Plaintiff, is prejudicial." *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, No. 07-2426, 2008 WL 2036816, at *4 (S.D. Tex. May 9, 2008) (citation omitted); *see also*, *Le*, 06-20006, 2007 WL 715260, at *3 ("Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial.") (citation omitted). Moreover, the court notes that, at most, Plaintiff is seeking $649, including liquidated damages. Given the amount at stake, further delay in this action is not warranted, as protracted litigation will only increase the cost of attorney's fees and consume scarce judicial resources.

Even if Defendant satisfied both factors, it is still within the court's discretion to deny a motion to withdraw deemed admissions. *In Re Carney*, 258 F.3d at 419 (citation omitted). The court does not believe that withdrawal is warranted in this case, as Defendant had multiple opportunities to respond to Plaintiff's discovery requests and failed to do so. The record reflects that

**Memorandum Opinion and Order - Page 6**

Defendant stipulated to a discovery deadline, even after filing its Motion to Stay Discovery. Generally, a party has thirty days after being served to respond to a request for admission, but "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. Pro. 36(a)(3).   Under Federal Rule of Civil Procedure 29, parties may stipulate that "other procedures governing or limiting discovery be modified."

On October 29, 2014, Defendant sent an e-mail to Plaintiff, stating that it would submit responses to Plaintiff's discovery requests "by Friday the 31st." Pl.'s Resp. to Def.'s Mot. Withdraw or Amend Deemed Admissions, Ex. B. Thus,  Defendant set the deadline for which it had to respond to Plaintiff's discovery requests.  By agreeing to submit its responses by a specified date, Defendant essentially mooted its pending Motion to Stay Discovery.   In other words, Defendant agreed to perform the same action that it requested the court to postpone.  By agreeing to submit responses to discovery, therefore, the Motion to Stay Discovery was unnecessary and no longer provided a basis for Defendant's blanket objection to the discovery requests.  By Defendant's own admission, it failed to submit a response to Plaintiff's discovery requests.  Def.'s Mot. to Withdraw or Amend Deemed Admissions 2.  It nonetheless agreed and represented to Plaintiff that it would respond to discovery by October 31, 2014.  This, however, was not Defendant's last opportunity to respond to Plaintiff's discovery requests.

Defendant  had an additional opportunity to submit its discovery responses when Plaintiff sent it a letter on December 9, 2014, requesting that Defendant answer his discovery requests by December 16, 2014.  Defendant, once again, failed to respond.  Pl.'s Resp. to Def.'s Mot. Withdraw

or Amend Deemed Admissions 2.[3]  In light of the multiple opportunities that Defendant had to respond to Plaintiff's discovery requests, the court does not believe that the circumstances of this case warrant withdrawal or amendment of the deemed admissions.

## III.    Conclusion

For the reasons herein stated, the court **denies** Defendant's Motion to Withdraw or Amend Deemed Admissions.

**It is so ordered** this 5th day of February, 2015.


Sam A. Lindsay
United States District Judge

---

[3] Defendant did not address this letter in its reply, and the court assumes what Plaintiff states is correct because it is an important issue and would have been in Defendant's best interest to address it.  Defendant had a duty to address this statement if it were false; however, it did not do so and chose to remain silent rather than acknowledge outright the veracity of the statement.

**Memorandum Opinion and Order - Page 8**