IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ALFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4546-L** |
| | § | |
| STATE PARKING SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Partial Summary Judgment (Doc. 60), filed November 17, 2014. After careful consideration of the motion and brief, record, and applicable law, the court **grants** Plaintiff's Motion for Partial Summary Judgment.

**I.      Procedural and Factual Background**

On August 12, 2014, Plaintiff Michael Alford ("Plaintiff" or "Alford") filed his First Amended Complaint, alleging that Defendant State Parking Services, Inc. ("Defendant" or "State Parking") violated the Fair Labor Standards Act ("FLSA"). He contends that State Parking failed to pay him overtime compensation while he was employed by it from January 1, 2013 to July 30, 2013, as the supervisor for the morning valet shift.

On March 4, 2014, Defendant filed its Amended Counterclaim and Request for Injunctive Relief, and on December 10, 2014, the court dismissed Defendant's counterclaims and request for injunctive relief for lack of jurisdiction.

## II.     Requests for Admissions

A majority of the summary judgment evidence relied on by Alford comes from Plaintiff's Requests for Admissions to Defendant ("Requests"). These Requests were served (via facsimile and first-class mail) on Defendant on September 12, 2014.  *See* Def.'s Mot. to Withdraw or Amend Deemed Admissions, Ex. B.

Under applicable law, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The parties may stipulate to, or the court may order, a shorter or longer time to answer or object to the request. *Id*. Defendant did not serve answers or objections to the Requests, and nothing in the record establishes that the parties stipulated to, or that the court ordered, a time longer than 30 days to answer or object to the Requests. Accordingly, the matters in Plaintiff's First Set of Requests for Admissions to Defendant are deemed admitted as a matter of law.

The effect of a matter admitted is that it "is conclusively established unless the court, on motion, permits the admission to be withdrawn." Fed. R. Civ. P. 36(b).   Earlier today, the court denied Defendant's motion to withdraw the deemed admissions, as the circumstances of this case did not warrant withdrawal.   Accordingly, the admissions constitute competent and undisputed summary judgment evidence. *See* Fed. R. Civ. P. 56(c)(1)(A).

## III.    Undisputed facts

Plaintiff worked as a supervisor for the morning valet shift from January 1, 2013, to July 30, 2013, and received a rate of pay of $10 per hour plus tips.  Pl.'s Mot. Summ. J., Ex. B.

Additionally, the following deemed admissions constitute undisputed summary judgment evidence:

- Plaintiff worked more than 40 hours in one or more workweeks while employed by the Defendant.

- Plaintiff was not paid one and one-half times his regular rate of pay for one or more weeks in which he worked more than 40 hours for the Defendant.

- [D]uring each calendar year in which Plaintiff worked for Defendant, the annual gross volume of sales made or business done by Defendant was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

- [D]uring each calendar year in which Plaintiff worked for Defendant, the annual gross revenue of Defendant was not less than $500,000.[1]

- Defendant did not have reasonable grounds for believing that Plaintiff was not entitled to overtime compensation for any week in which Plaintiff worked more than 40 hours.

- Defendant's decision not to pay overtime to the Plaintiff was not in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of the Department of Labor.

- [D]uring Plaintiff's employment with Defendant, Defendant was aware of the requirements under the FLSA to pay one and one-half times a non-exempt employee's regular rate of pay for each hour that employee worked in excess of 40 in a work week.

- [D]uring each calendar year in which Plaintiff worked for Defendant, one or more of Defendant's employees has engaged in interstate commerce or in the production of goods for interstate commerce.

---

[1] Moreover, in Defendant's reply, it "admits its gross volume of sales exceeds $500,000 for 2012 and 2013," and attaches a copy of its response to Plaintiff's Request for Admission.  Def.'s Reply 2 (citing Def.'s Ex. A).

**Memorandum Opinion and Order - Page 3**

- [D]uring each calendar year in which Plaintiff worked for Defendant, one or more of Defendant's employees has handled goods or materials that have been moved in interstate commerce by any person.

- [D]uring each calendar year in which Plaintiff worked for Defendant, one or more of Defendant's employees has sold goods or materials that have been moved in interstate commerce by any person.

- [D]uring Plaintiff's employment with Defendant, Defendant purchased goods or services from suppliers located outside the State of Texas.

- [D]uring Plaintiff's employment with Defendant, Defendant used tools, equipment or supplies originally manufactured outside the State of Texas.

- [D]uring Plaintiff's employment with Defendant, Defendant's employees working at the Magnolia Hotel in Dallas parked cars manufactured outside of the state of Texas.

- [D]uring Plaintiff's employment with Defendant, Plaintiff parked cars manufactured outside the state of Texas

Pl.'s Mot. Summ. J., Ex. C.

## IV.    Additional Summary Judgment Evidence

Plaintiff additionally submits his time cards, which United States Magistrate Judge Renee Harris Toliver ordered Defendant to produce on September 5, 2014, and a declaration by him. Based on this evidence, Plaintiff asserts that he worked a total of 64.09 hours of overtime. Plaintiff

maintains that he is owed a total of $324.50 in unpaid overtime calculated by multiplying his half time rate, $5 per hour, by the total number of hours worked.[2]

## V.    Analysis

The FLSA requires employers to "pay overtime compensation to covered employees who work more than forty hours a week." *Cleveland v. City of Elmendorf, Tex.*, 388 F.3d 522, 526 (5th Cir. 2004) (quoting 29 U.S.C. § 207(a)(1)). "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") or employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage")." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotation marks and emphasis omitted).  "Commerce" under the FLSA means interstate commerce. 29 U.S.C. § 203(b) (defining "commerce" to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof"). "Either individual or enterprise coverage is enough to invoke FLSA protection." *Id*. (emphasis omitted). To satisfy this requirement, a plaintiff must establish that he was either (1) engaged in the production of goods for commerce ("individual coverage"); or (2) employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage").  *Martin*, 955 F.2d at 1032.

The evidence presented by Plaintiff necessarily establishes that Defendant is covered by the FLSA and that Plaintiff does not fall within any exemption under the Act. The volume of business

---

[2] Defendant argues that the time cards are not reliable evidence, as Plaintiff "manipulated the time of the end of his shift by handwriting it instead of using the automatic time-clock available to him." Def.'s Resp.  2 (citing Ahmad Aff. 1-2).  Notwithstanding the additional summary judgment evidence offered by Plaintiff, the deemed admissions, are sufficient for a finding of liability as described in the following sections.  Damages will be determined separately, and Defendant can raise its concerns relating to the time cards at that time.

done by Defendant annually exceeded $500,000, exclusive of excise taxes at the retail level that are separately stated, and Defendant had one or more employees engaged in interstate commerce for each year Plaintiff worked for it.  Further, Plaintiff worked for Defendant more than 40 hours per week in one or more weeks while he was employed by Defendant. The evidence is undisputed, and there is no genuine dispute of material fact regarding Defendant's failure to pay Plaintiff overtime compensation, and he is entitled to judgment as a matter of law on this claim. Liability is thus established against Defendant, and the only issue for trial is the amount of damages to which Plaintiff is entitled.

## III.    Conclusion

For the reasons stated herein, the court **determines** that no genuine dispute of material fact exists as to Plaintiff's claim for FLSA overtime violations.  Accordingly, the court **grants** Plaintiff's Motion for Partial Summary Judgment.

**It is so ordered** this 6th day of February, 2015.

Sam A. Lindsay
United States District Judge